CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 1 8 2008

JOHN F. CORCORAN, CLERK
BY: /s/ _____, DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY LEE RIGGS II,<br>    Plaintiff, | Civil Action No. 7:08-cv-00459 |
| v. | MEMORANDUM OPINION |
| COMMONWEALTH OF VIRGINIA,<br>et. al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Larry Lee Riggs II, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Riggs alleges that although he was sentenced on March 22, 2008, for a probation violation, he has not yet been transferred from the local jail to a Virginia Department of Corrections (VDOC) facility. As relief he seeks to be transferred to a VDOC facility and to speak with a case manager about his term of confinement. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I

Riggs states the following facts from which his claims arise. He was sentenced in 2002 to three years, all suspended after he served two years probation. In the following years, he had several "dirty urine" screens and "kept getting his probation reinstated for two years." On March 22, 2008, he was sentenced to serve the three years imprisonment. He has been held for some time in the

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

Rockingham County/Harrisonburg Regional Jail ("the jail") and asserts that the Virginia Department of Corrections (VDOC) should have transferred him to a VDOC facility within ninety (90) days after his sentencing. Riggs complains that in the jail, he is deprived of many privileges that he would have if he was housed in a VDOC facility. At the jail, he may attend church services only once a month, must have one dollar per day charged to his inmate account to "be in" the jail, may only have non-contact visits once a week for one half hour in handcuffs, has outside recreation only one hour per week, must pay for any medical care he receives, and has no access to a case worker to advise him about the calculation of his sentence and arrangements for work release toward the end of his term of confinement. He has yet to receive a sentence update from the VDOC, although he believes that he will have only ten months left to serve, once he receives program credit. He states that he needs "medical work" done and wants to be transferred as soon as possible to a VDOC facility. He submits a letter he received from VDOC sentence computation officials, dated July 16, 2008, stating that "due to the high volume of unprocessed files, [his] Initial Time Computation Record has not been computed as of the date of this writing."

II

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inmates have no constitutional right to be housed in any particular prison or jail within the state where they are convicted and in Virginia, have no liberty interest in being housed at a prison with more favorable living conditions. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 223-224 (1976); Bartholomew v. Clawson, 594 F. Supp. 1121,

2

Case 7:08-cv-00459-JCT-mfu   Document 5   Filed 08/18/08   Page 2 of 5   Pageid#: 20

1126 (E.D. Va. 1984). Even if Riggs could prove that the VDOC's failure to transfer him away from the local jail within ninety (90) days constitutes a violation of a state law or regulation, such state law violations are not independently actionable under § 1983, which is intended to vindicate only constitutional or federal rights. Albright v. Oliver, 510 U.S. 266, 271 (1994) ("[Section 1983] is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.") (internal quotations omitted); Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990) (finding that violations of state law by state officials do not provide basis for constitutional claims under §1983).

Riggs also alleges that he is being treated differently than inmates housed in VDOC facilities, as he is subject to less favorable living conditions while housed at the jail. The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prove an equal protection claim, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir.2002) (internal quotation omitted). Prisoner litigants must generally demonstrate that any unequal treatment of similarly situated inmates is not rationally related to a legitimate governmental purpose. Moss v. Clark, 886 F.2d 686, 690 (4th Cir.1989) (finding no equal protection violation where inmates sentenced in D.C. courts and housed in federal prisons could not earn good time credit at as favorable a rate as inmates sentenced in D.C. courts and housed in D.C. prisons); Strickler v. Waters, 989 F.2d 1375, 1389 (4th Cir.1993) (finding no equal protection violation where inmate with sentence to serve in state prison facility spent long period in local jail with less favorable conditions, specifically, overcrowding, inadequate exercise facilities,

3

Case 7:08-cv-00459-JCT-mfu    Document 5    Filed 08/18/08    Page 3 of 5    Pageid#: 21

poor climatological conditions, and an inadequate library with restricted access).

Under these principles, Riggs fails to allege facts stating any constitutional claim actionable under § 1983. First, he has no constitutional right to be housed in a VDOC facility within ninety (90) days after sentencing. Second, prison officials have expressed a legitimate reason for continuing to house him at the jail, rather than transferring him to a VDOC prison with better privileges: a backlog of inmates to be processed for transfer from jails to the VDOC. As he thus fails to show that failure to transfer him is unrelated to a legitimate state interest, he fails to state any constitutional claim regarding unequal treatment. In any event, so long as he remains at the jail, he cannot say that he and inmates in VDOC facilities are "similarly situated." Third, he has no constitutional right to a particular VDOC procedural action, such as having his sentence update sheet completed within a certain time, as violations of state law do not give rise to constitutional claims. Fourth, he has not alleged facts indicating any possibility that he will be detained past the expiration of his sentence. In any event, such a claim would not be actionable under § 1983; it would be a habeas claim, concerning the length of his confinement, and should be first raised to the state courts in state habeas proceedings. See 28 U.S.C. § 2254(b) (requiring exhaustion of state court remedies before inmate may proceed with federal habeas claim).

For the stated reasons, the court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 18th day of August, 2008.

/s/ James C. Turk
Senior United States District Judge